**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:14-cv-52-FDW**

| | |  | |
|---|---|---|---|
| **MICHAEL DAVID MORROW,** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | | |
| vs. | ) | **ORDER** | |
| | ) | | |
| **RACHAEL M. GROFFSKY, et al.,** | ) | | |
| | ) | | |
| | ) | | |
| **Defendants.** | ) | | |
| | ) | | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e) and 1915A, (Doc. No. 1), and on Plaintiff's Motion to Appoint Counsel, (Doc. No. 5).

I.  **BACKGROUND**

Pro se Plaintiff Michael D. Morrow is a North Carolina state court inmate currently incarcerated at Marion Correctional Institution in Marion, North Carolina. The North Carolina Department of Public Safety website indicates that Plaintiff is serving a life sentence after being convicted of first-degree murder in Haywood County on March 28, 2013. Plaintiff filed this pro se action pursuant to 42 U.S.C. § 1983 on February 24, 2014, naming the following persons as Defendants: Rachael M. Groffsky and Jeff Jones, both identified as Haywood County Assistant District Attorneys at all relevant times; and Jim Schick, Mark Mease, and James Marsh, all identified as Haywood County Sheriff's Department Detectives at all relevant times. Plaintiff alleges the following in the Complaint:

During my trial, I asked the Honorable Judge Letts if what the three detectives

> (Jim Schick, Mark Mease, James Marsh) had done on the stand, on affidavits, had they not committed perjury? Judge Letts said, "Yes." I was correct. They had committed perjury during my trial. But, D.A. Rachel M. Groffsky . . . nor D.A. Jeff Jones . . . refused to call for mistrial, refused to charge the detectives? Which is a violation of my due process, also proves "biases" to equal rights of the court."

(Doc. No. 1 at 4). Plaintiff states that he is seeking the following as relief:

> I want my case overturned, I want just compensation for the time I've been locked up. I want $20000.00 my dad had to spend to get a lawyer to represent him in [a] civil law suit. I want both D.A. barred from law practice. I want all these detectives fired. I want just compensation for the stress my family has had to go through.

(Id.).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable

under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Having conducted an initial review of the Complaint as required by 28 U.S.C. § 1915, the Court has determined that the Complaint must be dismissed as barred by the principles in Heck v. Humphrey, 512 U.S. 477 (1994). Here, Plaintiff is challenging his underlying state court conviction and consequent imprisonment. Plaintiff has not alleged in his Complaint that his underlying conviction has been reversed or otherwise invalidated. Thus, this Section 1983 action is barred by Heck.[1] The Court further finds that, in addition to the Heck bar, this action is most likely also subject to abstention under Younger v. Harris, 401 U.S. 37 (1971). Plaintiff was convicted on March 28, 2013, and the state court

---

[1] Additionally, Defendants Groffsky and Jones enjoy prosecutorial immunity from suit. See Imbler v. Pachtman, 424 U.S. 409 (1976).

ongoing proceedings are likely still ongoing, as his direct appeal is likely pending in the North Carolina state courts.[2]

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the Complaint without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED** without prejudice. The Clerk is directed to terminate the case.

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 5), is **DENIED** as moot.

---

[2] Indeed, a direct appeal of his conviction in state court, not a § 1983 action in this Court, is the proper forum for Plaintiff to contest his state conviction, and Plaintiff is no doubt represented by counsel on his direct appeal in the state court.

Signed: April 10, 2014

_____
Frank D. Whitney
Chief United States District Judge